MEMORANDUM ***
Jose Rivera-Arce petitions for review of a Board of Immigration Appeals (“BIA”) order dismissing his appeal of an Immigration Judge’s (“IJ”) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture.[1]
We have jurisdiction to review the BIA’s order under 8 U.S.C. § 1252 and do so for “substantial evidence,” meaning that we must affirm the BIA’s ruling unless the record “not only supports [the conclusion that Rivera-Arce has established eligibility for asylum], but compels it.” INS v. Elias-Zacarias, 502 U.S. 478, 478 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original).
Rivera-Arce claims past persecution by Salvadorian Farabundo Marti National Liberation Front (“FMLN”) guerrillas based on two events: his capture and torture, and unrelated death threats received from the family of an FMLN prisoner who committed suicide while under Rivera-Arce’s supervision. To establish asylum eligibility, “the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion *633 was or will be at least one central reason for persecuting the applicant.” 8 U.S.C. § 1158(b)(l)(B)(i). Rivera-Arce contends his persecution was a result of membership in a particular social group and political opinions imputed to him.
Because Rivera-Arce was a current soldier when he alleges torture and when the prisoner’s family commenced its threats, he was not a member of a particular social group. Cruz-Navarro v. INS, 232 F.3d 1024, 1029 (9th Cir.2000) (“Our cases have ... drawn a distinction between current and former military ... service when determining the scope of a cognizable social group under the INA. Persons who are persecuted because of their status as a former ... military officer ... may constitute a cognizable social group under the INA.”). Our focus is on Rivera-Arce’s status when the claimed persecution commenced. See id. Because Rivera-Arce was a current soldier when the claimed persecution began, he was not a member of a cognizable social group, id. at 1029-30, and must show that the claimed persecution was a result of factors beyond his mere enlistment in the military, see Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (“Military enlistment in Central America does not create automatic asylum eligibility....”). No evidence supports any such factors.
Rivera-Arce may qualify for asylum if he establishes that he was persecuted because the guerrillas or deceased prisoner’s family imputed a political opinion to him. Cruz-Navarro, 232 F.3d at 1030. However, the record contains no evidence that Rivera-Arce held any affirmative political beliefs or that the guerrillas attributed any to him. Nor is there evidence that the guerrillas took action for any reason beyond the fact that he was a soldier.
There is an equal lack of evidence that the deceased prisoner’s family threatened Rivera-Arce for any reason beyond his perceived responsibility for the prisoner’s death. The family consistently stated that the only motivating factor for its threats was to avenge the prisoner’s death, for which they personally blamed Rivera-Arce. Rivera-Arce may not be granted asylum based on a personal dispute that is not tethered to a statutorily protected category. Molina-Morales v. INS, 237 F.3d 1048, 1051-52 (9th Cir.2001).
Because the record does not compel the conclusion that Rivera-Arce was tortured or threatened on account of imputed political opinions or membership in a particular social group, he has not established asylum eligibility. Cruz-Navarro, 232 F.3d at 1031. Because Rivera-Arce cannot establish eligibility for asylum, he necessarily does not meet the higher standard for withholding of removal. Id. at 1031.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Rivera-Arce does not appeal the portion of the order denying him relief under the Convention Against Torture.